REISER, Respondent, vs. STAUER and another, Appellants.

*January 30 — February 19, 1889.*

*Contracts: Instructions to jury.*

1. The plaintiff agreed to take entire charge of all engines, boilers, and pumps in the defendants' saw-mill, to keep them in good repair and running order, and to keep in repair "all other machinery located and situated in said saw-mill," for a certain sum for one year.   During the year the plaintiff superintended the digging of a well and the putting in of a pump, water-pipes, and hydrants in the mill-yard, constituting a system of water-works for the protection of the property against fire.   In an action to recover extra compensation therefor, it is *held* that the contract did not in terms cover such work, and, there being evidence tending to show an implied contract that plaintiff should be paid therefor, a verdict in his favor will not be disturbed.

2. There being evidence of declarations of the plaintiff that he considered the work as embraced in his contract, a charge that if, at the time it was being done, plaintiff assumed that it came within the contract and that it was his right and duty to superintend it under

the contract, and defendants understood that he was doing the work as part of his duty under the contract, he could not recover, was sufficiently favorable to the defendants.

APPEAL from the Circuit Court for *Crawford* County.

Action to recover $633.75 for work, labor, and services of the plaintiff in superintending the building of a well, laying water-pipes, and setting hydrants, and other work and labor in connection with the same on the mill premises of the defendants, and also for machinery and materials sold, furnished, and delivered by the plaintiff to the defendants at their said mill premises. The defendants owned and operated a saw-mill in the city of Prairie du Chien, and the plaintiff owned and operated a machine shop and foundry in the same city.

The answer alleges that all the work, labor, and services performed and materials furnished by the plaintiff were performed and furnished under a written contract whereby it was provided that the plaintiff, in consideration of $1,400, for the period of one year, " agrees to take entire charge and control of all engines and boilers and pumps, and see that said engines and boilers and pumps are properly and satisfactorily run and operated to the said *Stauer & Daubenberger;* and also agrees to keep said engines and boilers and pumps in good repair and in running order; said engines and boilers and pumps are located and situated in the saw-mill of *Stauer & Daubenberger* at Prairie du Chien, Wisconsin. The said *Christian Reiser* further agrees, in consideration of said sum of $1,400, to keep in repair and to repair all other machinery located and situated in said saw-mill during the time herein specified." The answer also alleges full payment for all labor performed and materials furnished under said contract.

It appeared that the well, water-pipes, and hydrants mentioned in the complaint constituted a system of waterworks in the defendants' mill-yard for the protection of the

property against fire, and that such water-works were constructed during the year covered by the written contract set forth in the answer. No special employment of the plaintiff to superintend such construction was shown. Other facts will sufficiently appear from the opinion. The plaintiff had a verdict for $399.80, and from the judgment entered thereon the defendants appeal.

*T. J. Brooks*, for the appellants.

For the respondent there was a brief by *Fuller & Ward*, and oral argument by *C. S. Fuller*.

COLE, C. J.  The appellants claim that the judgment in this case should be reversed, (1) because the verdict is contrary to the evidence, and (2) for errors in the charge of the court.

There is ample testimony to support the verdict, as an examination of the bill of exceptions will show. It well may be, as counsel claims, that the finding is against what appears to be the weight of testimony. But the jury had the right to weigh the evidence, and to credit the plaintiff's testimony as against the conflicting evidence; and that testimony tended to prove that there was an implied contract that he should be paid for his labor in digging the well, putting in the pump, and constructing the water-works. It is said the plaintiff had entered into a written contract by which he was bound to perform these services for a stipulated salary. By the written contract he agreed to take entire charge and control of all engines, boilers, and pumps, and to see that such engines, boilers, and pumps were properly and satisfactorily run and operated; also to keep said engines, boilers, and pumps in good repair and running order,— said engines, boilers, and pumps being located and situated in the mill of the defendants at Prairie du Chien. This was the precise service which, by the contract, he had undertaken to perform. Nothing is said in the contract

about digging a well, putting in a pump, or constructing a system of water-works to be used for the protection of the property in case of fire. It is inconceivable how so important a matter should have been entirely omitted from the contract if the parties really intended that the plaintiff should superintend and take charge of these works for the salary he was to receive. For, as we have said, the contract is plain, and distinctly specifies the service the plaintiff had to perform.

But it is said the contract should be read in the light of surrounding circumstances, and that the acts and declarations of the parties themselves should have controlling weight in its construction. In this case such evidence was admitted not for the purpose of construing the contract, which the court below held to be perfectly intelligible in its meaning, but as bearing upon the question whether there was an implied contract that the plaintiff should be paid for his services in putting in the water-works. We think the court was entirely right in holding that the putting in of the water-works to protect the property from fire was not a service within the letter and intent of the contract as written, and it certainly is not.

There was evidence of declarations of the plaintiff that he considered this work as embraced in his contract. But upon that point the court directed the jury, if they should find from all the circumstances that, at the time this work was being done, the plaintiff assumed that it was work which came within the contract, that it was work he had the right to superintend and which it was his duty to superintend by virtue of his general employment under the contract, and that the defendants also so understood that he was doing that work as a part of his duty under the contract,— there could be no recovery. It seems to us that this was as favorable to the defendants' contention as the law would allow. The written contract being definite,

plain, and unambiguous in its terms; the matter of taking charge of or of putting in a system of water-works not even being mentioned in it; the plaintiff's work being clearly specified to be to take charge of and control and keep in repair all engines, pumps, and machinery located or situated in defendants' mill at Prairie du Chien,— clearly defines and specifies the duty the. plaintiff was to perform. It is true he had entered into a contract to do certain things for a year for a stated salary. But, as the counsel on the other side justly observes, the contract did not call for the personal service of the plaintiff in the sense that his time belonged to the defendants. He might, as he did in fact do, employ others to run the engines and keep the machinery in repair; and so long as this business was properly attended to, to the satisfaction of the defendants, the contract was kept and performed on his part. If, in addition to the specified service, the plaintiff superintended the construction of the water-works under a reasonable expectation that he was to be paid for that work what it was worth, and if the defendants had reasonable grounds to believe, while the water-works were being constructed, that it was outside of the contract and that the plaintiff expected to be paid for it, having accepted the work they are liable to him for just compensation.

The circumstances from which the law will imply a contract were quite fully stated by the court in its charge, and the whole case seems to have been fairly submitted upon the evidence. We perceive no error in the charge of which the defendants can complain, and the judgment of the circuit court must therefore be affirmed.

*By the Court.*— Judgment affirmed.